UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

WORLDWIDE FREIGHT SERVICES, INC.　　　　　　　　25 Civ.
d/b/a UNITED AMERICAN LINE,

　　　　　　　　　　Plaintiff,
　　-against-
　　　　　　　　　　　　　　　　　　　　　　　　　　**COMPLAINT**

FAST TRADE IN, LLC,

　　　　　　　　　　Defendant.
------------------------------------------------------------------------------x

　　　　Plaintiff, WORLDWIDE FREIGHT SERVICES, INC. d/b/a UNITED AMERICAN LINE (hereinafter "UAL" or "Plaintiff"), by its attorneys, Nicoletti Hornig Namazi Eckert & Sheehan, as and for its Complaint against Defendant FAST TRADE IN, LLC (hereinafter "Fast Trade" or "Defendant") alleges, upon knowledge as to its own acts and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

　　　　1.　　This case concerns the alleged breaches of maritime contracts and thereby comes within the jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and consists of admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

　　　　2.　　Defendant has consented to jurisdiction in the State of New York by virtue of its agreement to a contractual choice of forum clause that requires actions against it to be instituted in this Court.

　　　　3.　　Venue is proper in this District under the applicable maritime legal precedents and/or within the meaning of 28 U.S.C. § 1391(b) and Defendant is subject to personal jurisdiction in this District with respect to this action.

1

4. Venue is also proper in this District because the subject contracts of carriage or other applicable contracts mandate that all claims involving shipments to or from the United States be commenced in this Court.

## PARTIES

5. At and during all the times hereinafter mentioned, Plaintiff UAL is a corporation organized and existing under the laws of the State of New Jersey with a place of business located at 499 Ernston Road, Suite B13, Parlin, New Jersey 08859.

6. Defendant Fast Trade is a limited liability company organized and existing under the laws of the State of California with an office and principal place of business located at 22904 Briarwood Drive, Corona, California 92883, with a designated agent for service of process, Bhagyesh N. Kharwa (of Aaa Tax Group), located at 6330 Lincoln Avenue, Cypress, California 90630.

7. Upon information and belief, Syed K. Aziz was and is the manager and/or sole member of Fast Trade.

## FACTUAL ALLEGATIONS

8. Between May 2022 and September 2023, UAL, acting as a non-vessel owning common carrier ("NVOCC"), agreed to arrange for the ocean carriage of certain cargo for Defendant, specifically used shoes and other worn articles, from Saint Louis, Missouri to Port Qasim, Pakistan, and from Long Beach and Los Angeles, California to Jebel Ali, United Arab Emirates.

9. UAL issued the following invoices to Defendant for the aforementioned ocean freight services, all of which remain unpaid:

| Invoice | Due Date | Amount Due |
|---|---|---|
| WFS-5660-INV | May 5, 2022 | USD $3147.00 |
| WFS-9257-INV | April 28. 2023 | USD $685.00 |
| WFS-9484-INV | May 12, 2023 | USD $4044.00 |
| WFS-9476-INV | May 31, 2023 | USD $4044.00 |
| WFS-9794-INV | June 22, 2023 | USD $2047.00 |
| WFS-9955-INV | July 9, 2023 | USD $4044.00 |
| WFS-10579-INV | September 4, 2023 | USD $1847.00 |
|  |  | Total   USD $19,858.00 |

10. Despite repeated requests for payment, Defendant has failed to pay the total amount due of $19,858.00 which is owed to UAL for the aforementioned transportation services.

11. Defendant is liable to UAL for $19,858.00, no part of which has been paid.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

12. UAL incorporates by reference paragraphs "1" through "11" of this Complaint as if herein stated in full.

13. UAL has fully performed its obligations under all applicable invoices, waybills and/or contracts, and Defendant has not.

14. There is a balance of $19,858.00 due from Defendant for UAL's services, which has not been paid despite demands being made to Defendant for the outstanding amounts.

15. UAL has sustained damages resulting from the breach by the Defendant of its contractual duties as a party to the invoices, waybills and other contracts with respect to the various shipments.

16. Defendant continues to refuse to compensate UAL for the balance due.

17. As a proximate result of said breaches and refusals, UAL has been damaged in an amount no less than $19,858.00, plus attorney's fees to the extent they are provided for by the

applicable invoices, waybills, bills of lading, and/or contracts and law, along with interest at the legal rate.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Quantum Meruit)

18.   UAL incorporates by reference paragraphs "1" through "17" of this Complaint as if herein stated in full.

19.   UAL rendered the transportation services, outlined above and incorporated herein, for compensation and for the benefit of Defendant, and as requested and authorized by Defendant.

20.   Defendant has benefited from UAL's services and advances of ancillary sums and charges for its shipments.

21.   UAL has not been compensated by Defendant for its services and advances with respect to the shipments at issue in this Complaint and as set forth above.

22.   The fair and reasonable value of the services UAL provided to Defendant for which it has not been compensated is at least $19,858.00.

23.   Defendant's failure to pay UAL has damaged UAL in an amount equal to the reasonable compensation for UAL's services made on behalf of Defendant in an amount as near as can now be estimated of no less than $19,858.00, plus interest and attorney's fees to the extent they are provided for by the applicable invoices, waybills, bills of lading, and/or contracts and law, along with interest at the legal rate.

**WHEREFORE**, Plaintiff Worldwide Freight Services, Inc. d/b/a United American Line prays for judgment against Defendant Fast Trade In, LLC in the amount of $19,858.00, together with interest at the legal rate until paid and the costs and disbursements of this action, plus

reasonable and necessary attorneys' fees, and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 24, 2025

                                 NICOLETTI HORNIG NAMAZI
                                 ECKERT & SHEEHAN
                                 *Attorneys for Plaintiff*

                                 ***/s/ Val Wamser***
By: _____
Val Wamser, Esq.
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
Tel. No: (212) 220-3830
E-mail: vwamser@nicolettihornig.com

5