*Nicoletti Hornig*

*Namazi Eckert & Sheehan*

WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801

TELEPHONE 212-220-3830

FACSIMILE 212-220-3780

GENERAL@NICOLETTIHORNIG.COM

WWW.NICOLETTIHORNIG.COM

September 24, 2025

GRANTED. The initial conference is adjourned to October 30, 2025 at 3:00 pm. Same instructions.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 8.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 24, 2025

**VIA ECF**

Honorable Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RE:     ***Worldwide Freight Services, Inc. d/b/a United American Line v.***
   ***Fast Trade In, LLC***
   **SDNY Case No. 1:25-cv-05252-AS**

Dear Judge Subramanian:

   We represent Plaintiff Worldwide Freight Services, Inc. ("Worldwide Freight" or "Plaintiff") in the above-referenced action.

   We write pursuant to Rules 3.E. and 8.A. of Your Honor's Individual Practices in Civil Cases to respectfully request an adjournment of the Initial Pretrial Conference scheduled for September 30, 2025 at 3:00 PM. This is the first request for an adjournment of a conference in this matter.

   In this action, the Summons and Complaint was properly served on Defendant Fast Trade In, LLC ("Fast Trade" or "Defendant") on July 1, 2025 [ECF Doc. 9].  However, Defendant has not yet answered or appeared in this action. A copy of the Notice of Initial Pretrial Conference was delivered to Defendant on September 12, 2025 by USPS priority mail with return receipt requested, but we have not yet received any communication from Defendant. A copy of the correspondence to Fast Trade with a copy of the Notice of Initial Pretrial Conference and proof of delivery is attached hereto.

   Due to the Defendant's failure to appear in this action or respond to our correspondence, the undersigned is currently preparing to request a Clerk's Certificate of Default to be followed by a motion for default judgment.  Accordingly, Plaintiff believes that an adjournment of the initial conference until after the Defendant appears or the default judgment motion is decided

July 8, 2025
Page 2

would best serve the interests of the Court and judicial efficiency. Alternatively, if the Court requires a future date for the conference, Plaintiff respectfully suggests at least a 60-day adjournment until late November 2025.

We thank the Court for its time and consideration of this matter. Please do not hesitate to contact the undersigned with any questions or comments.

Respectfully submitted,

NICOLETTI HORNIG NAMAZI ECKERT & SHEEHAN

By:

Val Wamser

**CC:**

**VIA ECF**

**All counsel of record**

*Nicoletti Hornig*
*Namazi Eckert & Sheehan*

WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801

TELEPHONE 212-220-3830

FACSIMILE 212-220-3780

GENERAL@NICOLETTIHORNIG.COM
WWW.NICOLETTIHORNIG.COM

September 9, 2025

**VIA USPS PRIORITY MAIL EXPRESS / RRR**

FAST TRADE IN, LLC                         FAST TRADE IN, LLC
22904 Briarwood Drive                      c/o Bhagyesh N. Kharwa
Corona, CA 92883                           6330 Lincoln Avenue
                                           Cypress, CA 90630

RE:   ***Worldwide Freight Services, Inc. d/b/a United American Line v. Fast Trade In, LLC***
      U.S.D.C. S.D.N.Y., Civil Action No. 1:25-cv-05252-AS
      NHNES File No.: 82000092

Dear Sirs / Madams:

    Our firm represents the plaintiff in the above-referenced case against defendant Fast Trade In, LLC ("Fast Trade"). We note that the Complaint was served on Fast Trade's registered agent on July 1, 2025, but we have not yet received any response from defendant.

    The Court has scheduled an initial (telephonic) pretrial conference in this matter on **September 30, 2025 at 3:00 p.m**. We have attached a copy of the Notice of Initial Pretrial Conference for your reference.  We have also attached a copy of the Individual Practices of Judge Arun Subramanian.

    Please contact the undersigned at your earliest convenience to discuss this matter.  If you have any questions, please do not hesitate to contact the undersigned. Thank you.

                            Very truly yours,

                            NICOLETTI HORNIG NAMAZI ECKERT & SHEEHAN

                            By:

                            Val Wamser

VW/s/mm
Attachments

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Worldwide Freight Services, Inc. d/b/a United American Line,<br><br>                           Plaintiff,<br><br>          -against-<br><br>Fast Trade In, LLC,<br><br>                           Defendant. | 25-CV-5252 (AS)<br><br>NOTICE OF INITIAL<br>PRETRIAL CONFERENCE |

ARUN SUBRAMANIAN, United States District Judge:

      Unless and until the Court orders otherwise, counsel for all parties shall appear for an initial pretrial conference with the Court on **September 30, 2025** at **3:00 PM**. The parties should dial in by calling (646) 453-4442 and entering the Phone Conference ID: **961 832 568**, followed by the pound (#) sign. Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as Lead Trial Counsel.

      **All counsel must familiarize themselves with the Court's Individual Practices, which are available at https://nysd.uscourts.gov/hon-arun-subramanian.** All parties are required to register promptly as filing users on ECF.

      Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference. Additionally, in accordance with Paragraph 4.D of the Court's Individual Practices, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **Wednesday of the week prior to the conference date**. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at **https://nysd.uscourts.gov/hon-arun-subramanian**. Any open legal issues can be addressed at the conference.

      The joint letter shall not exceed three (3) pages, and shall provide the following information in separate paragraphs:

      (1)     A brief statement of the nature of the action and the principal defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

      (2)     A brief explanation of why jurisdiction and venue lie in this Court. In any action in

which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000). If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit.

(3)   A statement of all existing deadlines, due dates, and/or cut-off dates;

(4)   A brief description of any outstanding motions;

(5)   A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6)   A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

(7)   A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(8)   Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such a letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* https://www.nysd.uscourts.gov/electronic-case-filing.

In accordance with the Court's Individual Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least **48 hours** before the deadline or conference. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance

before the Court. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

**Counsel who have entered a notice of appearance as of the issuance of this order are directed (1) to notify counsel for all other parties in this action who have not yet appeared by serving upon each of them a copy of this order and the Court's Individual Practices forthwith, and (2) to file proof of such notice with the Court.** If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Practices to that party personally.

SO ORDERED.

Dated: July 7, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge

Revised: March 14, 2025

### INDIVIDUAL PRACTICES IN CIVIL CASES
**Arun Subramanian, United States District Judge**

**Chambers**
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007
SubramanianNYSDChambers@nysd.uscourts.gov

**Unless otherwise ordered by the Court, these Individual Practices apply to all civil matters before Judge Subramanian except for civil pro se cases (see Individual Practices in Civil Pro Se Cases).**

1. **Civility in All Proceedings**

   Parties must act with the highest degree of professionalism and courtesy in their dealings with other parties, the Court and Court staff, and anyone else involved in the litigation. Abusive conduct of any kind will not be tolerated and should promptly be brought to the Court's attention. For the avoidance of doubt, this provision applies to discovery communications and conduct in depositions.

2. **Guidelines for All Submissions**

   A. **Designation of Lead Trial Counsel**. At the outset of each case, or upon reassignment of a matter to this Court, each party must identify to the Court one individual who shall serve as Lead Trial Counsel for that party. This designation must be provided to the Court in the party's first submission (including in reassigned cases). The designation of Lead Trial Counsel cannot be changed absent prior approval by the Court. As specified below, Lead Trial Counsel is required to personally attend all conferences before the Court and to be personally involved in discovery disputes before they are brought to the Court.

   B. **Amended or Corrected Filings.** Any amended or corrected filing (including but not limited to amended pleadings) shall be filed with a redline showing all differences between the original and revised filing. Any motion to amend a pleading shall similarly be filed with a redline showing all differences between the operative pleading and the proposed amended pleading.

   C. **No Courtesy Copies.** Unless the Court orders otherwise, parties should not submit courtesy copies of any submissions.

3. **Communications with Chambers**

   A. **Letters.** Except as otherwise provided below, communications with the Court should be by letter, filed electronically on ECF. Letters seeking relief should be filed on ECF as letter-motions in accordance with Paragraph 8(A) below, <u>not</u> as ordinary letters. Unless otherwise ordered by the Court, letters may not exceed three pages in length.

   B. **Telephone Calls.** Telephone calls to Chambers are permitted solely in emergency situations where a letter or letter-motion is not feasible, or as specifically authorized in Paragraph 6(B) (Conduct in Depositions). <u>In such situations, counsel for all parties must join the call</u>. Technical questions pertaining to ECF filings should be directed to the ECF Help Desk at helpdesk@nysd.uscourts.gov or (212) 805-0800.

   C. **Faxes.** Faxes are <u>not</u> permitted except with prior approval of Chambers.

   D. **Hand Deliveries.** Hand-delivered mail should be left with the Court Security Officers at the Worth Street entrance of the Daniel Patrick Moynihan United States District Courthouse at 500 Pearl Street, New York, NY 10007, and may not be brought directly to Chambers. If the hand-delivered letter is urgent and requires the Court's immediate attention, ask the Court Security Officers to notify Chambers that an urgent package has arrived that needs to be retrieved by Chambers staff immediately.

   E. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and filed on ECF as letter-motions, <u>not</u> as ordinary letters, proposed stipulations, or proposed orders. The letter-motion must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (6) the date of the parties' next scheduled appearance before the Court as well as any other existing deadlines. If the extension will affect any other deadlines in the case, the party seeking the extension should propose amendments to those deadlines as well. Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be addressed to that assigned Magistrate Judge.

   Any request for extension or adjournment shall be made <u>at least two business days</u> prior to the deadline or scheduled appearance. Requests for extensions will ordinarily be denied if made after this deadline.

   F. **Related and Consolidated Cases.** After an action has been accepted as related to a prior filing, all future court papers and correspondence must contain the docket number of the new filing as well as the docket number of the case to which it is related (e.g., 12-CV-1234 [rel. 11-CV-4321]). After two or more actions have been <u>consolidated for all purposes</u> under a single docket number pursuant to Rule

2

42(a)(2) of the Federal Rules of Civil Procedure, all future court papers and correspondence should be filed only in the docket under which the cases have been consolidated and should reference only that docket number.

**G. ECF.** In accordance with the [Electronic Case Filing Rules and Instructions](), counsel are required to register promptly as ECF filers and to enter an appearance in the case. Counsel are responsible for updating their contact information on ECF, should it change, and they are responsible for checking the docket sheet regularly, regardless of whether they receive an ECF notification of case activity. For assistance with updating contact information, please contact the ECF Help Desk at [helpdesk@nysd.uscourts.gov]() or (212) 805-0800; do not file a letter-motion advising the Court of the change.

## 4. Conferences

**A. In-Person Conferences.** Unless otherwise ordered by the Court, all in-person conferences will be held in Courtroom 15A, 500 Pearl Street, New York, NY 10007.

**B. Teleconferences.** The following procedures shall apply to all teleconferences with the Court:

    i.   At least 24 hours before a scheduled teleconference, the parties must jointly email to the Court a list of counsel who may speak during the teleconference. No more than one individual should be designated to speak on behalf of each party. The email should also provide the telephone numbers from which counsel expect to join the call.

    ii.   Counsel should use a landline whenever possible, should not use a speakerphone, and must mute themselves whenever they are not speaking to eliminate background noise.

    iii.   To facilitate orderly teleconferences and the creation of an accurate transcript where a teleconference is held on the record, counsel are required to identify themselves every time they speak. Counsel should spell any proper names for the court reporter and take special care not to interrupt or speak over one another.

    iv.   Broadcasting or recording of any court conference is prohibited by law.

**C. Attendance by Lead Trial Counsel and Principal Decision-Makers.** Lead Trial Counsel must appear at all conferences with the Court, must have authority to bind the party they represent consistent with the proceeding (for example, by agreeing to a discovery or briefing schedule), and should be prepared to address any matters likely to arise at the proceeding. Any attorney appearing before the Court must enter a notice of appearance on ECF. Principal decision-makers must attend the final pretrial conference and the trial.

3

**D. Initial Case Management Conference.** In most cases, the Court will schedule a Federal Rule of Civil Procedure 16(c) conference to occur no more than three months after the filing of the complaint or notice of removal. Plaintiff's counsel (or, in a matter removed from state court, defense counsel) is directed to promptly notify all counsel of the Notice of Initial Pretrial Conference. In most cases, the Notice will direct the parties to submit on ECF a joint letter as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than Thursday of the week prior to the conference date. The parties shall use the form Proposed Case Management Plan and Scheduling Order available at the Court's website.

The Court will set a schedule for the case at the initial case management conference. In most cases, the Court will give the parties four months (from the date of the conference) to complete all discovery, set a deadline for the filing of any motions for summary judgment, and set a date on which trial will commence.

**E. Rule 26(f) Obligations.** The parties should fulfill their obligations to confer as required by Federal Rule of Civil Procedure 26(f) as soon as practicable after service of the complaint. Any party's failure to promptly confer should be brought to the Court's attention pursuant to the procedures in Paragraph 5 of these Individual Practices.

## 5. Discovery Disputes

**A.** Parties must follow Local Civil Rule 37.2 with the following modifications. Special rules regarding disputes raised during depositions are addressed in Paragraph 6.

**B.** Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party—in person, by videoconference, or by telephone—to resolve the dispute. <u>This process must include at least one conference among Lead Trial Counsel for the parties involved in the dispute.</u>

**C.** Where a party raises a discovery dispute with the opposing party, the opposing party <u>must</u> make itself available to confer in good faith to resolve the dispute within two business days of a request for a conference. If a party requests a Lead Trial Counsel conference, Lead Trial Counsel for the opposing party <u>must</u> make themselves available within two business days.

**D.** If the meet-and-confer process does not resolve the dispute within 10 business days of the dispute first being raised (or sooner, if an impasse has been reached), the party seeking discovery may file on ECF a letter-motion, no longer than three pages, explaining the nature of the dispute and, if applicable, why the party is entitled to relief and requesting an informal conference. Any letter-motion seeking relief must state: (1) the dates and times of each conference conducted pursuant to Paragraph 5(B)–(C); (2) the duration of these conferences; (3) the names of the attorneys who participated; and (4) that the moving party informed the adversary during the last conference that the moving party believed the parties to be at an

impasse and that the moving party would be requesting a conference with the Court. <u>The letter-motion must specifically state that the required Lead Trial Counsel conference occurred</u>.

**E.**   Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three pages, within two business days. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order (based on the letters alone) or in a conference.

**F.**   Counsel should seek relief in accordance with these procedures in a timely fashion. If a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks or more time for discovery.

**G.**   **Privilege Logs and Privilege Log Disputes**. Privilege logs should be sufficiently detailed to enable the receiving party to evaluate a claim of privilege, including identification of attorneys involved in the relevant documents or communications. Privilege logs must be promptly produced and updated on a rolling basis as documents are produced. <u>Each log and update must include a certification from counsel that counsel has reviewed the withheld or redacted documents, and that there is a good-faith basis to assert privilege over those documents</u>. Disputes related to privilege logs are subject to the rules governing discovery disputes specified in Paragraph 5. The Court may on its own initiative order <u>in camera</u> production to the Court of unredacted documents from the producing party's log where a dispute is raised.

## 6.   Conduct in Depositions

**A.**   All objections during a deposition must be "stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). Witness coaching or disruptive commentary of any kind during questioning is prohibited. Objections to the form of a question (e.g., argumentative, asked and answered, calls for a narrative response, calls for a legal conclusion, compound, vague, ambiguous, calls for speculation) should be limited to "objection form." If the examining attorney is unclear as to the nature of the form objection, they may seek further clarification from the objecting attorney.

**B.**   If a dispute arises during a deposition, and the letter-motion procedures in Paragraph 5 are not feasible to address it, the parties may email Chambers to raise the dispute with the Court during the deposition. If a party wishes to engage the Court in this manner, all parties in attendance at the deposition <u>must</u> make themselves available and email the Court jointly.

7.  **Participation by Junior Attorneys**

   A.  The Court encourages the participation of less-experienced attorneys in all proceedings—including pretrial conferences, hearings on discovery disputes, oral arguments, and examinations of witnesses at trial—particularly where that attorney played a substantial role in drafting the underlying filing or in preparing the relevant witness. The Court may be inclined to grant a request for oral argument, or a request for more than one attorney to speak on behalf of a party in a conference, where doing so would afford the opportunity for a junior attorney to gain experience.

8.  **Motions**

   A.  **Letter-Motions.** When permitted by the S.D.N.Y. Local Rules and the S.D.N.Y. Electronic Case Filing Rules and Instructions, letters seeking relief should be filed on ECF as letter-motions, <u>not</u> as ordinary letters.

   B.  **Pre-Motion Conferences in Civil Cases.** Pre-motion conferences are not required, except for disputes concerning discovery, which are governed by Paragraph 5 above.

   C.  **Memoranda of Law.** Please reference Local Civil Rule 7.1(c) for all requirements. Sur-reply memoranda will not be accepted without prior permission of the Court. All appendices to memoranda of law must be indexed. The Court will rarely grant requests, even on consent of all parties, to expand these page limits.

   D.  **Unpublished Cases.** If a party cites to a case not available in an official reporter, it need <u>not</u> provide copies of the case to Chambers if the case is available on Westlaw or Lexis. For cases only available on Westlaw or Lexis, the Westlaw citation should be used whenever possible.

   E.  **Oral Argument on Motions.** A party may request oral argument by indicating "ORAL ARGUMENT REQUESTED" on the cover page of its memorandum of law. A party should advise the Court by letter if oral argument would be handled by a less-experienced attorney because, as discussed in Paragraph 7 above, that may make the Court more inclined to hold oral argument. If oral argument is requested, the Court will determine whether argument will be heard and, if so, advise counsel of the argument date.

   F.  **Use of ChatGPT and Other Tools.** Counsel is responsible for providing the Court with complete and accurate representations of the record, the procedural history of the case, and any cited legal authorities. Use of ChatGPT or other such tools is not prohibited, but counsel must at all times personally confirm for themselves the accuracy of any research conducted by these means. At all times, counsel—and specifically designated Lead Trial Counsel—bears responsibility for any filings made by the party that counsel represents.

**G. Motions to Dismiss**

    i.  In any motion to dismiss arguing that a pleading fails to plausibly allege a claim, the supporting papers must clearly indicate the <u>specific</u> claim elements that the moving party believes have not been plausibly pleaded. In response, the non-moving party must identify the <u>specific</u> paragraphs in the pleading that the non-moving party believes plausibly allege those <u>specific</u> elements. The moving party must attach a <u>non-argumentative</u> chart as an exhibit to its moving papers identifying the elements not plausibly alleged, and the non-moving party must attach a responsive, <u>non-argumentative</u> exhibit to its responsive papers identifying the paragraphs of the complaint that plausibly allege those elements.

    ii.  When a motion to dismiss is filed and the non-moving party elects to amend its pleading pursuant to Federal Rule of Civil Procedure 15(a)(1), the non-moving party must, within 10 days of receipt of the motion, notify the Court and its adversary if it intends to file an amended pleading pursuant to Rule 15(a)(1), and the date by which it will do so. This provision does not alter the time for a non-moving party to file a response to the motion to dismiss as specified in the Federal Rules of Civil Procedure or Local Rules. Non-moving parties are on notice that declining to amend their pleadings to timely respond to an argument in the motion to dismiss may constitute a waiver of their right to later use the amendment process to cure defects that have been made apparent by the briefing.

        a.  If the party amends, the opposing party may then: (i) file an answer; (ii) file a new motion to dismiss; or (iii) submit a letter stating that it relies on the initially filed motion to dismiss.

        b.  If the moving party files an answer or a new motion to dismiss, the Court will deny the original motion to dismiss as moot without notice to the parties.

**H. Motions for Leave to Amend a Pleading.** When moving to amend any pleading, the moving party shall—in accordance with Paragraph 2(B) above—file with the motion a redline showing all differences between the operative pleading and the proposed amended pleading.

**I. Summary Judgment Motions**

    i.  Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case.

    ii.  Parties may not file more than one motion for summary judgment absent prior Court approval.

    iii.   Any party moving for summary judgment shall provide all other parties with an electronic copy, in Microsoft Word format, of the moving party's Statement of Material Facts Pursuant to Local Civil Rule 56.1. Opposing parties must reproduce each entry in the moving party's Rule 56.1 Statement and set out the opposing party's response directly beneath it.

    iv.   With respect to any deposition that is supplied, the index to the deposition should be included if it is available.

    v.   The parties should provide the Court with a <u>complete</u> electronic, text-searchable copy of any hearing or deposition transcript on which the parties rely, if such a copy is available, unless doing so would be unduly burdensome.

    vi.   Memoranda of law should include sections discussing the relevant background and facts. Parties should not merely incorporate by reference their Local Rule 56.1 Statements or Counterstatements.

**J.**   **Motions to Exclude Testimony of Experts.** Unless the Court orders otherwise, motions to exclude testimony of experts, pursuant to Rules 702–705 of the Federal Rules of Evidence and the <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), line of cases, must be made by the deadline for dispositive motions and should not be treated as motions <u>in limine</u>.

**K.**   **Preliminary Injunction Motions.** The Court generally follows the procedure for the conduct of non-jury trials described in Paragraph 10(E) below.

**L.**   **Default Judgment Motions.** If a party fails to respond to a claim, the party asserting the claim should promptly move for entry of default judgment if appropriate. A party seeking a default judgment must proceed by filing a motion for default judgment on ECF pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b). A party seeking a default judgment should <u>not</u> proceed by order to show cause. The motion must be supported by the following papers:

    i.   if failure to answer is the basis for the default, a Certificate from the Clerk of Court stating that no answer has been filed;

    ii.   an attorney's affidavit or declaration setting forth:

        1.   the basis for entering a default judgment, including a description of the method and date of service of the summons and complaint;

        2.   the procedural history beyond service of the summons and complaint, if any;

3.  legal authority for why such service was proper;

4.  whether, if the default is applicable to fewer than all counterparties, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action;

5.  the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs; and

6.  legal authority for why an inquest into damages would be unnecessary;

iii.  if the proposed damages are supported by calculations, native versions of the files with calculations (i.e., versions of the files in their original format, such as in ".xlsx"), which shall be emailed to Chambers;

iv.  a proposed default judgment;

v.  copies of all the operative pleadings; and

vi.  a copy of the affidavit of service of the summons and complaint.

**M. Proposed Stipulations and Orders.** In accordance with the S.D.N.Y. Local Rules and the S.D.N.Y. Electronic Case Filing Rules and Instructions, parties should file on ECF all proposed stipulations and orders that they wish the Court to sign, using the appropriate ECF filing event. See SDNY ECF Rules & Instructions §§ 13.17–19 & App'x A. As noted above, requests for extensions and adjournments must be made by letter-motion, not by proposed stipulation or proposed order.

## 9. Other Pretrial Guidance

**A. Applications for Temporary Restraining Orders.** A party should confer with its adversary before making an application for a temporary restraining order unless the party seeking relief is able to satisfy the requirements for obtaining temporary relief without notice to the adverse party set forth in Federal Rule of Civil Procedure 65(b)(1). If the party seeking relief believes that Rule 65(b)(1)'s requirements can be met and a temporary restraining order should issue without notice to the adverse party, the party should file its papers on ECF under seal (or, if ECF is not a viable option, by email to Chambers) and then email Chambers providing notice. If the party is prepared to seek relief on notice to the adverse party, the party seeking relief should simultaneously file its papers on ECF, serve them on all other parties, and then email Chambers.

**B. Settlement Agreements.** Unless the Court orders otherwise, the Court will not retain jurisdiction to enforce confidential settlement agreements. If the parties wish that the Court retain jurisdiction to enforce a settlement agreement, the parties must place the terms of their agreement on the public record. The parties may either

provide a copy of the settlement agreement for the Court to endorse or include the terms of their settlement agreement in their stipulation of settlement and dismissal.

**C. Bankruptcy Appeals.** The parties must comply with the briefing schedule and the format and length specifications set forth in the Federal Rules of Bankruptcy Procedure (8014–8018) unless otherwise ordered by the Court.

## 10. Trial Submissions and Procedures

**A. Joint Pretrial Order.** Unless otherwise ordered by the Court, at least 14 days prior to the scheduled final pretrial conference, the parties shall both file on ECF, as a "Joint Pretrial Statement," and submit by email to the Court a proposed joint pretrial order, which shall include the following:

i.   the full caption of the action;

ii.  the names, law firms, addresses, telephone numbers, and email addresses of trial counsel if not already listed on the docket;

iii. a brief statement by plaintiff (or, in a removed case, by defendant) as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

iv.  a brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies. Such summaries shall also identify all claims and defenses previously asserted that are not to be tried. The summaries should not recite any evidentiary matter;

v.   a statement as to the number of trial days needed and whether the case is to be tried with or without a jury;

vi.  a joint statement summarizing the nature of the case, to be read to potential jurors during jury selection;

vii. a list of people, places, and institutions that are likely to be mentioned during the trial, to be read to potential jurors during jury selection;

viii. a statement as to whether all parties have consented to trial by a Magistrate Judge, without identifying which parties do or do not consent;

ix.  any stipulations or agreed statements of fact or law to which all parties consent. In a jury case, the parties should memorialize any such stipulations or agreed statements of fact or law in a standalone document that can be marked and admitted at trial;

x. a list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, whether such witnesses will require an interpreter (and, if so, which party will pay the costs for the interpreter), and a brief summary of the substance of each witness's testimony. Absent leave of Court, a witness listed by both sides shall testify only once (with the defendant permitted to go beyond the scope of the direct on cross-examination), and counsel should confer with respect to scheduling;

xi. a designation by each party of deposition testimony to be offered in its case-in-chief and any counter-designations and objections by any other party. The parties need not designate deposition testimony to be used for impeachment purposes only;

xii. a list by each party of all exhibits to be offered in its case-in-chief, with a single asterisk indicating exhibits to which no party objects on any ground. If a party objects to an exhibit, the objection should be noted by indicating the Federal Rule of Evidence that is the basis for the objection. If any party believes that the Court should rule on such an objection in advance of trial, that party should include a notation to that effect (e.g., "Advance Ruling Requested") as well. In general, the Court will rule on relevance and authenticity objections at the time of trial;

xiii. a statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages; and

xiv. a statement of whether the parties consent to less than a unanimous verdict.

**B. Required Pretrial Filings.** Unless otherwise ordered by the Court, each party shall file and serve with the joint pretrial order:

i. in all cases, motions addressing any evidentiary issues or other matters that should be resolved in limine. Absent leave of the Court, each party must file a single memorandum of law, consistent with Paragraph 8(C) above, in support of all motions in limine filed by that party;

ii. in all jury cases, joint requests to charge, joint proposed verdict forms, and joint proposed voir dire questions as specified by Paragraph 10(D) below; and

iii. in all non-jury cases, proposed findings of fact and conclusions of law. The proposed findings of fact should be detailed and should include citations to the proffered trial testimony and exhibits, as there may be no opportunity for post-trial submissions. At the time of filing, parties should also submit copies of these documents to the Court by email, both in PDF format and as a Microsoft Word document.

**C. Electronic Copies of Exhibits and Exhibit Lists.** Unless otherwise ordered by the Court, the parties shall also submit with the joint pretrial order (but not file on ECF):

    i. an electronic copy of each exhibit sought to be admitted (with each filename corresponding to the relevant exhibit number—e.g., "PX-1," "DX-1," etc.). If submission of electronic copies would be an undue burden on a party, the party may seek leave of Court (by letter-motion filed on ECF) to submit prospective documentary exhibits in hard copy. Each hard copy shall be pre-marked (that is, with an exhibit sticker) and assembled sequentially in a loose-leaf binder (not to exceed 2-1/2 inches in thickness) or in separate manila folders labeled with the exhibit numbers and placed in redweld folders labeled with the case name and docket number; and

    ii. a Microsoft Word document listing all exhibits sought to be admitted, emailed to the court. The list shall contain four columns labeled as follows: (1) "Exhibit Number"; (2) "Description" (of the exhibit); (3) "Date Identified"; and (4) "Date Admitted." The parties shall complete the first two columns, but leave the third and fourth columns blank, to be filled in by the Court during trial.

**D. Requests to Charge and Proposed <u>Voir Dire</u>.** Unless otherwise ordered by the Court, in all jury trials, joint requests to charge, joint proposed verdict forms, and joint proposed <u>voir dire</u> questions shall be submitted as attachments to the proposed joint pretrial order, with any differing proposals displayed in track-change format and supported by authority or other justification. At the time of filing, parties should also submit copies of these documents to the Court by email, as Microsoft Word documents. For any request to charge or proposed <u>voir dire</u> question on which the parties cannot agree, each party should clearly set forth its proposed charge or question, and briefly state why the Court should use its proposed charge or question, with citations to supporting authority.

**E. Additional Submissions in Non-Jury Cases.** Unless otherwise ordered by the Court, at the time the joint pretrial order is filed, each party in a non-jury trial shall submit to the Court by email and serve on opposing counsel, but not file on ECF, the following:

    i. copies of affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony live at the trial. The affidavit should be treated as a direct substitute for the witness's live testimony; that is, counsel should be attentive to the Rules of Evidence (e.g., hearsay and the like) and authenticate any exhibits that will be offered through that witness's testimony. Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom they intend to cross-examine at the trial. Only those witnesses who will be cross-examined need to appear at trial. The original signed affidavits should be brought to trial

to be marked as exhibits, at which time any objections to particular paragraphs of an affidavit can be made; and

ii. all deposition excerpts that will be offered as substantive evidence, as well as a one-page synopsis of those excerpts for each deposition. Each synopsis shall include page citations to the pertinent pages of the deposition transcripts.

**F. Filings in Opposition.** Unless otherwise ordered by the Court, any party may file the following documents within one week after the filing of the pretrial order:

i. opposition to any motion <u>in limine</u>; and

ii. opposition to any legal argument in a pretrial memorandum.

## 11. Redactions and Sealed Filings

**A. Redactions Not Requiring Court Approval.** The parties are referred to Rule 5.2 of the Federal Rules of Civil Procedure and the S.D.N.Y. <u>ECF Privacy Policy</u> ("Privacy Policy"). There are two categories of information that may be redacted from public court filings without prior permission from the Court: "sensitive information" and information requiring "caution." Parties should not include in their public filings, unless necessary, the five categories of "sensitive information" (i.e., social security numbers [use the last four digits only], names of minor children [use the initials only], dates of birth [use the year only], financial account numbers [use the last four digits only], and home addresses [use only the City and State]). Parties may also, without prior Court approval, redact from their public filings the six categories of information requiring caution described in the Privacy Policy (i.e., any personal identifying number, medical records [including information regarding treatment and diagnosis], employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government).

**B. Redactions and Sealed Filings Requiring Court Approval.** Except for redactions permitted by Paragraph 11(A) or as provided by the protective order approved in the case, <u>all redactions or sealing of public court filings require Court approval</u>. To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. In general, the parties' consent or the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents.

**C. Procedures for Filing Sealed or Redacted Documents.** Any party seeking leave to file a document under seal or in redacted form shall proceed as follows:

i. **Meet and Confer.** The party should meet and confer with any opposing party (or any third party seeking confidential treatment of the information)

in advance to narrow the scope of the request. When a party seeks leave to file a document under seal or in redacted form on the ground that an opposing party or third party has requested it, the filing party shall notify the opposing party or third party that it must file, within three business days, a letter explaining the need to seal or redact the document.

ii. **Sealed Document(s).** The party shall file a letter-motion seeking leave to file a document under seal on ECF in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. [Electronic Case Filing Rules and Instructions](). The letter-motion itself shall be filed in public view, should explain the reasons for seeking to file the document under seal, and should not include confidential information. The proposed sealed document shall be contemporaneously filed under seal on ECF (with the appropriate level of restriction) and electronically related to the motion (or to the relevant Court order if the Court previously granted leave to file the document under seal). Note that the summary docket text, but not the document itself, will be open to public inspection and should not include confidential information sought to be filed under seal.

iii. **Redacted Document(s).** Where a party seeks leave to file a document in redacted form, the party shall file a letter-motion seeking leave to file a document in redacted form on ECF in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. [Electronic Case Filing Rules and Instructions](). The letter-motion itself shall be filed in public view, should explain the reasons for seeking to file the document in redacted form, and should not include confidential information. At the same time, the party shall: (1) publicly file on ECF and electronically relate to the letter-motion a copy of the document with the proposed redactions; and (2) file under seal on ECF (with the appropriate level of restriction) and electronically relate to the motion an unredacted copy of the document with the proposed redactions highlighted.

iv. **Submission by Email.** Any party unable to comply with the requirements for electronic filing under seal through the ECF system, or who believes that a particular document should not be electronically filed at all, shall file a letter-motion seeking leave of the Court to file in a different manner. If the party is unable to file such a letter-motion on ECF or believes there is good cause not to file such a letter-motion on ECF, the party may submit it by email as a text-searchable PDF attachment with a copy simultaneously delivered to all counsel. Any such email shall state clearly in the subject line: (1) the caption of the case, including the lead party names and docket number; and (2) a brief description of the contents of the letter. Parties may not include substantive communications in the body of the email; such communications may be included only in the body of the letter.

D. **Protective Order.** The parties should conform any proposed protective order as closely as possible to the Court's Model Protective Order, which is available on

Judge Subramanian's [webpage](#). If the parties alter the Court's Model Protective Order in any way other than conforming the caption and signatures, they must provide a redline indicating all such modifications by email to Chambers. The Court disfavors modifications to the Court's Model Protective Order.

## 12. Use of Electronic Devices and WiFi Access for Hearings and Trials

A. **Use of Electronic Devices.** Electronic devices (including mobile telephones, personal electronic devices, and computers) may not be used in Judge Subramanian's Courtroom without his permission. More broadly, the use of any such devices within the Courthouse and its environs is governed by the [Court's Standing Order M10-468](#). If required by the Standing Order, counsel seeking to bring a device into the Courthouse shall submit an [Electronic Device and Wi-Fi Access Request Form](#), available on the Court's website, to the Court by e-mail as early as possible—and certainly no later than <u>three business days before</u> the start of the trial or hearing. Requests submitted later than three business days prior to the relevant trial or hearing may be denied on that basis alone. <u>If permitted by the Standing Order, mobile telephones are permitted inside the Courtroom, but they MUST be kept turned off at all times</u>. Non-compliance with this rule may result in forfeiture of the device for the remainder of the proceedings.

**Wi-Fi Access for Hearings and Trials.** Attorneys may obtain authorization to use the Court's Wi-Fi system in Judge Subramanian's Courtroom during a hearing or trial. For further information, see Judge Subramanian's Individual Practices for Hearings and Trials, available on Judge Subramanian's [webpage](#).



# UNITED STATES
## POSTAL SERVICE®


EMS



GUARANTEED*
★ ★ ★
TRACKED
★ ★ ★
INSURED
★

# PRIORITY
# MAIL
# EXPRESS



PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FAST TRADE IN, LLC
22904 Briarwood Drive
Corona, CA 92883

9590 9402 8100 2349 5634 16

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

X Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

EU 671 334 615 US

# FLAT RATE ENVELOPE
ONE RATE ★ ANY WEIGHT*

# VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

EP13F Oct 2018
OD: 12 1/2 x 9 1/2

P S 1 0 0 0 1 0 0 0 0 0 6

* Money back guarantee to U.S., select APO/FPO/DPO, and select international destinations. See DMM and IMM at pe.usps.com for complete details.
* For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.

PRIORITY MAIL EXPRESS FLAT RATE ENV

US POSTAGE IMPITNEY BOWES
ZIP 10005
02 7H
0001306160
$ 035.80⁰
SEP 09 2025

**PRESS FIRMLY TO SEAL**    PRE



**UNITED STATES POSTAL SERVICE**

**PRIORITY MAIL EXPRESS**

**UNITED STATES POSTAL SERVICE** | **PRIORITY MAIL EXPRESS**

EJ 621 334 615 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)    PHONE ( 212 ) 220-3830

Val Wamser, Esq.
Nicoletti Hornig Namazi Eckert
& Sheehan
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005

...ND INTERNATIONAL USE
...ING LABEL HERE

**DELIVERY OPTIONS (Customer Use Only)**

☑ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)    PHONE ( )

FAST TRADE IN, LLC
22904 Briarwood Drive
Corona, CA 92883

ZIP + 4® (U.S. ADDRESSES ONLY)

9 2 8 8 3 - ___ ___ ___ ___

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

 **PEEL FROM THIS CORNER**

To schedule free
Package Pickup,
scan the QR code.



USPS.COM/PICKUP



P S 1 0 0 0 1 0 0 0 0 0 6

EP13F Oct 2018
OD: 12 1/2 x 9 1/2

| ORIGIN (POSTAL SERVICE USE ONLY) | | | |
|---|---|---|---|
| ☐ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage $ | |
| Date Accepted (MM/DD/YY) | Scheduled Delivery Time ☐ 10:30 AM ☐ 3:00 PM ☐ 12 NOON | Insurance Fee $ | COD Fee $ |
| Time Accepted ☐ AM ☐ PM | 10:30 AM Delivery Fee $ | Return Receipt Fee $ | Live Animal Transportation Fee |
| Special Handling/Fragile $ | Sunday/Holiday Premium Fee $ | Total Postage & Fees $ | |
| Weight ___ lbs. ___ ozs. | ☐ Flat Rate | Acceptance Employee Initials | |
| DELIVERY (POSTAL SERVICE USE ONLY) | | | |
| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature | |
| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature | |

LABEL 11-B, MARCH 2019    PSN 7690-03-000-0006

 

* Money Back Guarantee to U.S., select APO/FPO/DPO, and select international destinations. See DMM and IMM at pe.usps.com for complete details.
† Money Back Guarantee for U.S. destinations only.    * For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.

This envelope is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; October 2018. All rights reserved.



# UNITED STATES POSTAL SERVICE.

PECK SLIP
114 JOHN ST
NEW YORK, NY 10038-9991
www.usps.com

09/09/2025                                    01:25 PM

---

TRACKING NUMBERS
EJ621334629US
EJ621334615US

---

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)

[QR code]

---

TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

---

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

---

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| PM Express | 1 | | $31.40 |
| Flat Rate Env | | | |
| Cypress, CA 90630 | | | |
| Flat Rate | | | |
| Signature Requested | | | |
| Scheduled Delivery Date | | | |
| Wed 09/10/2025 06:00 PM | | | |
| Money Back Guarantee | | | |
| Tracking #: | | | |
| EJ621334629US | | | |
| Insurance | | | $0.00 |
| Up to $100.00 included | | | |
| Return Receipt | | | $4.40 |
| Tracking #: | | | |
| 9590 9402 8100 2349 5634 30 | | | |
| Affixed Postage | | | -$35.80 |
| Affixed Amount: $35.80 | | | |
| Total | | | $0.00 |
| | | | |
| PM Express | 1 | | $31.40 |
| Flat Rate Env | | | |
| Corona, CA 92883 | | | |
| Flat Rate | | | |



**Money-back Guarantee:** If the mailer submits an item at a designated USPS® Priority Mail Express® acceptance location on or before the specified deposit time, the Postal Service will deliver or attempt delivery to the addressee or agent before the applicable delivery date and time. Mailer may request the addressee's signature from the addressee upon delivery of the item by checking the "signature required" box at the time of mailing. If the Postal Service does not deliver or attempt delivery by the specified time and date nor obtain a valid claim for a refund, the Postal Service will refund the postage, unless an exception applies. See Mailing Standards of the United States Postal Service, Domestic Mail Manual (DMM®) 604.9.5.5 which is available at pe.usps.com.

**Note:** The Postal Service does not offer money-back guarantee for military or DPO shipments delayed due to customs inspections or if the item was destined for an APO/FPO/DPO that was closed on the intended day of delivery, or the delay was caused by one of the situations in DMM 604.9.5.5. Consult USPS.com® or your local Post Office for information on delivery commitments and Priority Mail Express Military Service (PMEMS). For details, see DMM 703.2.8, which is available at pe.usps.com.

When a mailer submits a Priority Mail Express item requiring a signature and the Postal Service cannot deliver the item on the first attempt, the Postal Service leaves a notice to the addressee. If the addressee does not claim the item within 5 calendar days, the Postal Service returns the item to the sender at no additional charge.

**Insurance coverage:** The Postal Service provides insurance only in accordance with postal regulations in the DMM, which is available at pe.usps.com. The DMM sets forth the specific types of issues that are covered, the limitations on coverage, terms of insurance, conditions of payment, and adjudication procedures. Certain items are not insurable. The DMM consists of federal regulations, and USPS personnel are not authorized to change or waive these regulations or grant exceptions. A mailer who requires information on Priority Mail Express insurance may contact the Postal Service before submitting an item. Limitations prescribed in the DMM provide, in part:

1. Insurance coverage extends to the actual value of the contents at the time of mailing or the cost of repairs, not to exceed the insured limit for the item.

2. The Postal Service insures the contents of Priority Mail Express "merchandise" items (with "merchandise" defined by postal regulations) against loss, damage, or missing contents. The Postal Service includes coverage up to $100 per mailpiece at no additional charge. Additional merchandise insurance up to $5,000 per mailpiece may be available for purchase. Additional insurance for Priority Mail Express items is not available unless a signature is required.

3. The Postal Service insures "nonnegotiable documents" (as defined by postal indemnity regulations) against loss, damage, or missing contents up to $100 per mailpiece for document reconstruction, subject to additional limitations for multiple pieces lost or damaged in a single catastrophic occurrence. Document reconstruction insurance provides reimbursement for the reasonable costs incurred in reconstructing duplicates of nonnegotiable documents mailed. Document reconstruction insurance coverage above $100 per mailpiece is not available. The mailer should not attempt to purchase additional document insurance, because additional document insurance is void.

4. The Postal Service insures "negotiable items" (defined by postal regulations as items that can be converted to cash without forgery), currency, or bullion up to a maximum of $15 per mailpiece.

5. The Postal Service does not provide coverage for consequential losses due to loss, damage, or delay of Priority Mail Express items or for concealed damage, spoilage of perishable items, and articles improperly packaged or too fragile to withstand normal handling in the mail. Coverage, terms, and limitations are subject to change. For additional limitations and terms of coverage, consult the DMM, which is available at pe.usps.com.

**Indemnity Claims (Loss, Damage, or Missing Contents):** Either the mailer or the addressee may file an indemnity claim for loss, damaged or missing contents. The claimant may submit the claim online at usps.com, or by mail, for more information see Publication 122, Domestic Claims, Customer Reference Guide. The timelines for claims are as follows: claims for loss – no sooner than 7 days but no later than 60 days after the date of mailing; claims for damage or missing contents—immediately but no later than 60 days from the date of mailing. Retain the original USPS retail receipt and/or receipt/electronic receipt for claims purposes. For claims involving damage or missing contents, also retain the article, container, and packaging for Postal Service inspection when requested.

**Refund of Postage and Fees (Service Performance):** If delivery of a Priority Mail Express item does not meet the scheduled delivery commitment, online and commercial (USPS.com) customers may submit a refund request by visiting USPS.com. Retail customers may submit a refund request either online at USPS.com or at retail locations. Refund requests for postage must be submitted no later than 30 days from the date of mailing; Extra Services fees refund requests must be submitted no later than 60 days from the date of mailing. Each tracking number can only be submitted once for all applicable refunds. Refund requests for PME or PME with Extra Services must be combined into a single submission.

Thank you for choosing Priority Mail Express service.

Tracking: For USPS Tracking, scan the QR Code below or go to USPS.com or call 800-222-1811



EJ 621 334 615 US
Priority Mail Express tracking number

 **UNITED STATES POSTAL SERVICE**

 **EMS**


GUARANTEED*
★ ★ ★
TRACKED
★ ★ ★
INSURED
★

# PRIORITY MAIL EXPRESS



SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FAST TRADE IN, LLC
c/o Bhagyesh N. Kharwa
6330 Lincoln Avenue
Cypress, CA 90630

9590 9402 8100 2349 5634 30

PS Form 3811, July 2020 PSN 7530-02-000-9053

EJ 671 334 629 US

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:           ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

## FLAT RATE ENVELOPE
ONE RATE ★ ANY WEIGHT*

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

P S 10001000006

EP13F Oct 2018
OD: 12 1/2 x 9 1/2

* Money back guarantee to U.S., select APO/FPO/DPO, and select international destinations. See DMM and IMM at pe.usps.com for complete details.
✕ For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.

PRIORITY MAIL EXPRESS FLAT RATE ENV



US POSTAGE PITNEY BOWES

ZIP 10005
02.7H
0001306180

$ 035.80

SEP 09 2025

**PRESS FIRMLY TO SEAL**

P

### UNITED STATES POSTAL SERVICE®

# PRIORITY®
# MAIL
# EXPRESS

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

EP13F Oct 2018
OD: 12 1/2 x 9 1/2

This envelope is made from post-consumer waste. Please recycle - again.

### UNITED STATES POSTAL SERVICE®   PRIORITY MAIL EXPRESS®

EJ 621 334 629 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE ( 212 ) 220-3830

Val Wamser, Esq.
Nicoletti Hornig Namazi
Eckert & Sheehan
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801

**DELIVERY OPTIONS (Customer Use Only)**

☑ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.

Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE ( )

FAST TRADE IN, LLC
c/o Bhagyesh N. Kharwa
6330 Lincoln Avenue
Cypress, CA 90630

ZIP + 4® (U.S. ADDRESSES ONLY)

9 0 6 3 0 - 1 8 0 2



■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**AND INTERNATIONAL USE ... ING LABEL HERE**



**ORIGIN (POSTAL SERVICE USE ONLY)**

| PO ZIP Code | Day of Delivery | | Postage |
|---|---|---|---|
| | ☐ 1-Day  ☐ 2-Day  ☐ Military  ☐ DPO | | $ |
| Date Accepted (MM/DD/YY) | Scheduled Delivery Date (MM/DD/YY) | Postage | |
| | Scheduled Delivery Time ☐ 10:30 AM ☐ 3:00 PM ☐ 12 NOON | Insurance Fee | COD Fee |
| Time Accepted ☐ AM ☐ PM | 10:30 AM Delivery Fee | Return Receipt Fee | Live Animal Transportation Fee |
| Special Handling/Fragile | Sunday/Holiday Premium Fee | Total Postage & Fees | |
| $ | $ | $ | |
| Weight ☐ Flat Rate | Acceptance Employee Initials | | |
| lbs. ozs. | | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |
|---|---|---|
| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |

LABEL 11-B, MARCH 2019   PSN 7690-02-000-9996

**PEEL FROM THIS CORNER**



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; October 2018; All rights reserved.

* Money Back Guarantee to U.S., select APO/FPO/DPO, and select International destinations. See DMM and IMM at pe.usps.com for complete details.
† Money Back Guarantee for U.S. destinations only.   * For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.

# UNITED STATES POSTAL SERVICE.

PECK SLIP
114 JOHN ST
NEW YORK, NY 10038-9991
www.usps.com

09/09/2025                          01:25 PM

---

TRACKING NUMBERS
EJ621334629US
EJ621334615US

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)



TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

---

## PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| PM Express | 1 | | $31.40 |
| Flat Rate Env | | | |
| Cypress, CA 90630 | | | |
| Flat Rate | | | |
| Signature Requested | | | |
| Scheduled Delivery Date | | | |
| Wed 09/10/2025 06:00 PM | | | |
| Money Back Guarantee | | | |
| Tracking #: | | | |
| EJ621334629US | | | |
| Insurance | | | $0.00 |
| Up to $100.00 included | | | |
| Return Receipt | | | $4.40 |
| Tracking #: | | | |
| 9590 9402 8100 2349 5634 30 | | | |
| Affixed Postage | | | -$35.80 |
| Affixed Amount: $35.80 | | | |
| Total | | | $0.00 |
| | | | |
| PM Express | 1 | | $31.40 |
| Flat Rate Env | | | |
| Corona, CA 92883 | | | |
| Flat Rate | | | |
| Signature Requested | | | |
| Scheduled Delivery Date | | | |
| Wed 09/10/2025 06:00 PM | | | |
| Money Back Guarantee | | | |
| Tracking #: | | | |
| EJ621334615US | | | |
| Insurance | | | $0.00 |
| Up to $100.00 included | | | |
| Return Receipt | | | $4.40 |
| Tracking #: | | | |
| 9590 9402 8100 2349 5634 16 | | | |
| Affixed Postage | | | -$35.80 |
| Affixed Amount: $35.80 | | | |
| Total | | | $0.00 |

---

Grand Total:                          $0.00

---

EJ 621 334 629 US

**Money-back Guarantee:** If the mailer submits an item at a designated USPS® Priority Mail Express® acceptance location on or before the specified deposit time, the Postal Service will deliver or attempt delivery to the addressee or agent before the applicable delivery date and time. Mailer may request the addressee's signature from the addressee upon delivery of the item by checking the "signature required" box at the time of mailing. If the Postal Service does not deliver or attempt delivery by the specified time and the mailer files a valid claim for a refund, the Postal Service will refund the postage, unless an exception applies. See *Mailing Standards of the United States Postal Service, Domestic Mail Manual* (DMM®) 604.9.5.5 which is available at pe.usps.com.

**Note:** The Postal Service does not offer money-back guarantee for military or DPO shipments delayed due to customs inspection or the item was destined for an APO/FPO/DPO that was closed on the intended day of delivery or the delay was caused by one of the situations in DMM 604.9.5.5. Consult USPS.com® or your local Post Office for information on delivery commitments and Priority Mail Express Military Service (PMEMS). For details, see DMM 703.2.6, which is available at pe.usps.com.

When a mailer submits a Priority Mail Express item requiring a signature and the Postal Service cannot deliver the item on the first attempt, the Postal Service leaves a notice for the addressee. If the addressee does not claim the item within 5 calendar days, the Postal Service returns the item to the sender at no additional charge.

**Insurance coverage:** The Postal Service provides insurance only in accordance with regulations in the DMM, which is available at pe.usps.com. The DMM sets forth the specific types of losses that are covered, the limitations on coverage, terms of insurance, conditions of payment, and adjudication procedures. Certain items are not covered by insurance under federal regulations, and USPS personnel are not authorized to change or waive these regulations or grant exceptions. A mailer who requires information on Priority Mail Express insurance may contact the Postal Service before submitting an item. Limitations prescribed in the DMM provide, in part, that:

1. Insurance coverage extends to the actual value of the contents at the time of mailing or the cost of repairs, not to exceed the insured limit for the item.

2. The Postal Service insures the contents of Priority Mail Express "merchandise" items (with "merchandise" (defined by postal regulations) against loss, damage, or missing contents. This Postal Service includes coverage up to $100 per mailpiece at no additional charge. Additional merchandise insurance up to $5,000 per mailpiece may be available for purchase. Additional insurance for Priority Mail Express items is not available unless a signature is required.

3. The Postal Service insures Priority Mail Express "nonnegotiable documents" (as defined by postal indemnity regulations) against loss, damage, or missing contents up to $100 per mailpiece for document reconstruction, subject to additional limitations for multiple pieces lost in a single catastrophic occurrence. Document reconstruction insurance provides reimbursement for the reasonable costs incurred in reconstructing duplicates of nonnegotiable documents mailed. Document reconstruction insurance coverage above $100 per mailpiece is not available. The mailer should not attempt to purchase additional document insurance, because additional document insurance is void.

4. The Postal Service insures "negotiable items" (defined by postal regulations as items that can be converted to cash without forgery), currency, or bullion up to a maximum of $15 per mailpiece.

5. The Postal Service issues "negotiable items" (defined by postal regulations as items that can be converted to cash without forgery), currency, or bullion up to a maximum of $15 per mailpiece. The Postal Service does not provide insurance coverage for consequential losses due to loss, damage, or delay of Priority Mail Express items or for concealed damage, apologized perishable items, and articles improperly packaged or too fragile to withstand normal handling in the mail. *Coverage, terms, and limitations are subject to change. For additional limitations and terms of coverage, consult the DMM, which is available at pe.usps.com.*

**Indemnity Claims (Loss, Damaged or Missing Contents):** Either the mailer or the addressee may file an indemnity claim for loss, damaged or missing contents. The claimant may submit the claim online at usps.com, or by mail; for more information see Publication 122, Domestic Claims, Customer Reference Guide. The timelines for claims are as follows: no sooner than 7 days but no later than 60 days from the date of mailing; claims for damage or missing contents — immediately but no later than 60 days from the date of mailing. Retain the original USPS retail receipt or ePostage/electronic receipt for claims purposes. For claims involving damage or missing contents, also retain the article, container, and packaging for Postal Service inspection when requested.

**Refund of Postage and Fees (Service Performance):** If delivery of a Priority Mail Express (PME) item does not meet the scheduled delivery commitment(s), online and commercial customers may submit a refund request by visiting USPS.com. Retail customers may submit a refund request either online at USPS.com or at retail locations. Refund requests for the postage must be submitted no later than 30 days from the date of mailing. Services refund requests must be submitted no later than 60 days from the date of mailing. Each tracking number can only be submitted once for all applicable refunds. Refund requests for PME or PME with Extra Services must be combined into a single submission.

*Thank you for choosing Priority Mail Express service.*

**Tracking:** For USPS Tracking, scan the QR Code below or go to USPS.com or call 800-222-1811



EJ 621 334 629 US
Priority Mail Express tracking number

LABEL 11-B  MARCH 2019    PSN 7690-02-000-9996

# USPS Tracking®

FAQs >

**Track Packages
Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

**Remove ✕**

**Tracking Number:**

## 9590940281002349563416

Copy   Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to an individual at the address at 11:10 am on September 16, 2025 in NEW YORK, NY 10005.

**Get More Out of USPS Tracking:**

   **USPS Tracking Plus®**

● **Delivered**
**Delivered, Left with Individual**
NEW YORK, NY 10005
September 16, 2025, 11:10 am

**Arrived at USPS Regional Destination Facility**
NEW YORK NY DISTRIBUTION CENTER
September 15, 2025, 5:21 am

**Arrived at USPS Regional Origin Facility**
SANTA ANA CA DISTRIBUTION CENTER
September 12, 2025, 8:50 pm

**USPS picked up item**
CORONA, CA 92883
September 12, 2025, 12:16 pm

**Return Receipt Associated**
September 9, 2025, 1:24 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?**
(https://faq.usps.com/s/article/Where-is-my-package)

| Text & Email Updates | ⌄ |
|---|---|
| USPS Tracking Plus® | ⌄ |
| Product Information | ⌄ |

See Less ⌃

Feedback

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

# USPS Tracking®

FAQs >

**Track Packages**
**Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More** (https://reg.usps.com/xsell?
app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

**Remove ✕**

**Tracking Number:**

## 9590940281002349563416

Copy      Add to Informed Delivery (https://informeddelivery.usps.com/)

**Latest Update**

Your item was delivered to an individual at the address at 11:10 am on September 16, 2025 in NEW YORK, NY 10005.

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

● **Delivered**
**Delivered, Left with Individual**
NEW YORK, NY 10005
September 16, 2025, 11:10 am

● **Arrived at USPS Regional Destination Facility**
NEW YORK NY DISTRIBUTION CENTER
September 15, 2025, 5:21 am

● **Arrived at USPS Regional Origin Facility**
SANTA ANA CA DISTRIBUTION CENTER
September 12, 2025, 8:50 pm

● **USPS picked up item**
CORONA, CA 92883
September 12, 2025, 12:16 pm

● **Return Receipt Associated**
September 9, 2025, 1:24 pm

● Hide Tracking History

**What Do USPS Tracking Statuses Mean?**
**(https://faq.usps.com/s/article/Where-is-my-package)**

Text & Email Updates    ⌄

USPS Tracking Plus®    ⌄

Product Information    ⌄

See Less ⌃

Feedback

**Track Another Package**

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**



**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FAST TRADE IN, LLC
22904 Briarwood Drive
Corona, CA 92883

9590 9402 8100 2349 5634 16

2.
EJ 621 334 615 US

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *[signature]*

☐ Agent
☐ Addressee

B. Received by (Printed Name)
Shelwecon Kashef

C. Date of Delivery
9-12-25

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery

☒ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt